FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

05 SEP 26 AM 10: 59

CLERK-ALBUQUERQUE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | **CIV** |
| v. | ) ) ) | **CIV - 0 5 - 1 0 2 7 MV KBM** |
| | ) | **COMPLAINT** |
| PROGRESSIVE RESIDENTIAL SERVICES, INC. and PROGRESSIVE RESIDENTIAL SERVICES OF NEW MEXICO, INC., | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, female (pregnancy) and to provide appropriate relief to Theresa V. Madril and a class of females who were adversely affected by such practices. The Commission alleges that Defendants subjected Ms. Madril and at least one other female employee to disparate treatment in the terms, conditions, or privileges of employment because of their sex, female, and their pregnancies. The Commission further alleges that Defendants effectively discharged Ms. Madril and at least one other female employee because of their sex, female, and their pregnancy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Mexico.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Progressive Residential Services, Inc., has continuously been a Michigan corporation operating Defendant Progressive Residential Services of New Mexico, Inc. in the State of New Mexico and the City of Las Cruces. At all relevant times Defendants Progressive Residential Services, Inc. and Residential Services of New Mexico, Inc. (the "Defendants" or "Employer") have continuously had at least fifteen employees.

5. At all relevant times, Defendants have continuously been and are now an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Theresa V. Madril filed a charge with the Commission alleging violations of Title VII by Defendants. All conditions

precedent to the institution of this lawsuit have been fulfilled.

7. Since at least February 18, 2003, Defendants have engaged in unlawful employment practices at their Las Cruces, New Mexico facility, in violation of Sections 701(k) and 703(a) of Title VII, 42 U.S.C. §§ 2000e-(k) and 2000e-2(a). These unlawful employment practices include:

    A. subjecting Theresa V. Madril and at least one other female employee to disparate treatment in the terms, conditions, or privileges of employment, including, but not limited to, imposing a mandatory leave of absence on the female employees because of their sex, female, pregnancy; and

    B. constructively discharging Theresa V. Madril and at least one other female employee because of their sex, female, pregnancy.

8. The effect of the practices complained of in paragraph 7 of above has been to deprive Theresa V. Madril and at least one other female employee of equal employment opportunities and otherwise adversely affect their status as applicants for employment because of their sex, female, pregnancy.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice and/or reckless indifference to the federally protected rights of Theresa V. Madril and at least one other female employee.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

    A. Grant a permanent injunction enjoining Defendants, their officers, successors,

assigns, and all persons in active concert or participation with them, from engaging in any employment practices which deny employment opportunities to persons on the basis of sex or pregnancy, including imposing mandatory leaves of absence because of their sex or pregnancy and any other employment practice which discriminates on the basis of sex or pregnancy.

     B.    Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for pregnant women, and which eradicate the effects of its past and present unlawful employment practices.

     C.    Order Defendants to make whole Theresa V. Madril and at least one other female, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, rightful-place hiring or front pay for Theresa V. Madril and at least one other female.

     D.    Order Defendants to make whole Theresa V. Madril and at least one other female by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 7 above, including job search expenses, in amounts to be determined at trial.

     E.    Order Defendant to make whole Theresa V. Madril and at least one other female who were adversely affected by the unlawful employment practices described above, by providing compensation for past and future nonpecuniary losses, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, in amounts to be determined at trial.

     F.    Order Defendant to pay Theresa V. Madril and at least one other female punitive damages for its malicious and/or reckless conduct described in paragraph 7 above, in amounts to

4

be determined at trial.

    H.    Grant such further relief as the Court deems necessary and proper in the public interest.

    I.    Award the Commission its costs in this action.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this 26th day of September, 2005.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, NW
Washington, D.C. 20507

*(signed) Veronica A. Moline for*
MARY JO O'NEILL
Regional Attorney

*(signed) Veronica A. Moline for*
C. EMANUEL SMITH
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Phoenix District Office
3300 N. Central Ave.
Suite 690
Phoenix, Arizona 85012

_/s/ Veronica A. Molina_
VERONICA A. MOLINA
Trial Attorney

LORETTA MEDINA
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
Albuquerque Area Office
505 Marquette NW, Suite 900
Albuquerque, New Mexico 87102
(505) 248-5231

Attorneys for Plaintiff

6